UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                              Case No. 25-cr-20445

v.                              Hon. Jonathan J.C. Grey

JOSHUA BROWN-HILL,

    Defendant.
_____/

**GOVERNMENT'S SENTENCING MEMORANDUM**

    Joshua Brown-Hill coerced, enticed, and solicited multiple children using the internet to produce child sexually abusive material. But Brown-Hill also committed hands-on offenses with one minor, for which he has pled guilty in state court. Brown-Hill, at 27 years old, endured a horrific childhood, but with his criminal, traumatizing acts in this case, he has demonstrated that he is a danger to vulnerable members of our community.

    Balancing his past with his offense conduct, and considering all the other purposes of sentencing, the government recommends that the Court sentence Brown-Hill to 360 months, as such a sentence would be "sufficient, but not greater than necessary, to comply with the purposes

1

of sentencing set forth in 18 U.S.C. 3553(a)." *United States v. Vowell,* 516 F.3d 503, 512 (6th Cir. 2008).

## I. FACTS AND PROCEDURAL HISTORY

### A. Offense Conduct

In the early morning of August 15, 2024, a West Bloomfield Police Department Road Patrol Officer conducted a check of a park in West Bloomfield, Michigan. There, the officer saw a black Chrysler 300 parked in the park across three parking spots. When he went up to the Chrysler, he saw a shirtless man, later identified as Brown-Hill. Brown-Hill told the officer that there was another person with him, and that she was "of age." The officer had Brown-Hill specify the age of the person he was with, and he indicated "18." But officers soon discovered that she (Minor Victim 1 or MV1) was not 18 but instead was only 12 years old.

Through their on-scene investigation, officers learned that Brown-Hill had engaged in sexual acts with MV1. The officers arrested Brown-Hill, seized his cellular phone, and law enforcement later completed a forensic examination of his phone. The examination confirmed that Brown-Hill had first interacted with, and exploited, MV1 online with

2

Brown-Hill asking for and receiving child sexually abusive material of MV1. The case was referred to Homeland Security Investigations for assistance.

### *Brown-Hill's Exploitation of MV2*

By examining Brown-Hill's phone, HSI agents discovered that not only had Brown-Hill exploited MV1 online, but he had also exploited multiple other children. One of these children was – Minor Victim 2 (MV2), an approximately 13-year-old child. From about April 19, 2024, through about June 12, 2024, text messages between MV2 and Brown-Hill contained sexually explicit chats, as well as photographs and videos with child sexually abusive content, including the lascivious display of MV2's breasts and genitalia, and the self-stimulation.

Around April 19, 2024, MV2 sent a message to Brown-Hill asking why he had called her a child. When Brown-Hill replied: "No reason," MV2 asked a question as if in a way to confirm Brown-Hill's interest in MV2, despite her young age. Brown-Hill replied: "lol shh."  Brown-Hill continued to message MV2 about mundane things but also, commented on how MV2 looked, and called MV2 his "sexy little slut." Brown-Hill told MV2 that he was 25, and MV2 responded with her age, 13. In

3

response, Brown-Hill told MV2 that he would "put [MV2] through a wall still."

In a conversation on April 20, 2024, Brown-Hill made sexual advances towards MV2. He instructed MV2 to call him and sent her an image of his exposed penis. MV2 told him she not want to because there were other people around, referencing that she had already sent him images and Brown-Hill replied: "Idc daddy was having fun talking to u."

Then, on April 21, 2024, Brown-Hill sent MV2 a recording of a splint-screen FaceTime video where MV2 could be seen naked in a bathtub and with Brown-Hill on the other side of the screen, with both appearing to be engaged in self-stimulation.

About one month later, on May 22, 2024, Brown-Hill and MV2 exchanged messages relating to the sending of sexually explicit images/videos. Brown-Hill affirmed that MV2 could go into a bathroom so that she could send him what he requested. Brown-Hill gave MV2 directions on what to include in a video; MV2 complied, sending Brown-Hill a sexually explicit video of her exposed genitalia.

On May 25, 2024, Brown-Hill again directed MV2 in the making of a sexually explicit video involving MV2 engaging in masturbation. In

4

the messages surrounding the video, Brown-Hill wrote: "Age," and MV2 responded: "13." Brown-Hill continued to direct MV2 to conduct sexual acts on herself. At various points, Brown-Hill said things in the messages like: "Fix your face whore," "Move you hand o wanna see it," "I'm not fucking asking," "I wanna only see p**** n shirt up," and "Hurts huh." Brown-Hill then messaged MV2: "Get dressed slut ppl around u."

<u>*Brown-Hill's Exploitation of MV4*</u>

Agent's review of Brown-Hill's phone seized after his arrest also revealed the exploitation of another 13-year-old child, Minor Victim 4 (MV4), occurring from April 10, 2023, to May 8, 2023.

On April 10, 2023, Brown-Hill and MV4 began messaging which included the following conversation:

BROWN-HILL: "O ok can I ask what u got on??"

MV4: "Oh legging and a tshirt."

…..

BROWN-HILL: "I'll bit u"

BROWN-HILL: "Yes I will right on yo thighs."

BROWN-HILL: "I sorry if I get sexual n u don't like it let me kno."

5

The conversation continued and immediately became sexual in nature.

On April 14, 2023, Brown-Hill asked, via text message, MV4 if she was in the shower. The following exchange occurred:

BROWN-HILL: "Can u turn around for daddy."

MV4: sent an attached of her backside wearing only underwear.

BROWN-HILL:" Good girl rub that p****."

MV4: "Are you sure I should do that?"

BROWN-HILL: "Y u ask that sl**"

MV4: "No no I'm sorry I'll do what you say"

BROWN-HILL: "Good girl get to rubbing sl**."

MV4 then sent a video to Brown-Hill of MV4 performing sexual acts on herself.

*Relevant Conduct Involving MV3 and MV5*

Brown-Hill's phone extraction also showed that he had been interacting with Minor Victim 3 (MV3), a 14-year-old child, from December 9, 2022, through January 2023. It was clear from the conversation between them that Brown-Hill knew MV3 was a child because referenced what was happening at her school.

On December 9 and 10, 2022, Brown-Hill received sexually

6

explicit videos of MV3. In response to those videos, Brown-Hill sent MV3 a photo of his exposed penis. Likewise, on December 16, 2022, MV3 sent an image laying down in a sports bra and pants. Brown-Hill asked MV3 what she had on under her pants and solicited her to show him her underclothes and then to take the pants off. In response to Brown-Hill's solicitation, MV3 sent a photograph of her naked buttocks. Brown-Hill responded to the photograph with explicit words. He also then received a sexually explicit video of MV3.

Brown-Hill's phone extraction also contained evidence of the exploitation of Minor Victim 5 (MV5), an approximately 13-year-old child. From about December 20, 2022, through about August 11, 2024, messages recovered between MV5, and Brown-Hill revealed Brown-Hill's explicit requests of MV5, along with photographs and videos with child sexually abusive content, including MV5's exposed genitalia, along with video of MV5 performing sexual acts on herself.

### B.    Charging and Plea

On October 29, 2024, a criminal complaint was filed charging Brown-Hill with child exploitation crimes. On November 13, 2024, Brown-Hill made his initial appearance on the complaint; he consented

7

to detention pending trial the following day.

On June 13, 2025, an Information was filed charging Brown-Hill with three counts of Sexual Exploitation of Children, in violation of 18 U.S.C. § 2251(a) (Counts One, Two, and Three), relating to the exploitation of MV1, MV2, and MV4.

On July 8, 2025, Brown-Hill pleaded guilty with a Rule 11 to Counts Two and Three of the Information. In the Rule 11, the parties agreed that the Court would determine the guideline range at sentencing but that a sentence of at least 300 months is the appropriate disposition of the case. The government also recommended in the agreement that the Court order the sentence here to run concurrently with Brown-Hill's sentence in the Oakland County case, where the charges relate to his exploitation of MV1.

### C. Guideline Range

The Probation Department calculated a guideline range of 360 to 720 months, based on an offense level total of 42 and a criminal history category of I. PSR ¶ 93. Neither party objected to that calculation.

## II. SECTION 3553(A) FACTORS

Congress provided the objectives and factors that courts are to

8

consider when imposing a sentence in 18 U.S.C. § 3553(a). An application of the 18 U.S.C. § 3553(a) factors to Brown-Hill' case leads to the conclusion that a sentence of 360 months is the appropriate sentence in this case. The government addresses the most relevant § 3553(a) factors below.

### A. The Nature and Circumstances of the Offense

The nature and circumstances of Brown-Hill' offense are incredibly serious. Brown-Hill sought out numerous, vulnerable children and directed them to create and send him child sexually abusive material. Using various social media platforms and text exchanges, Brown-Hill continued to drive the horrific market for exploitive images of children. By their nature, exploitive crimes involving children result in enduring mental, physical, and emotional trauma. Brown-Hill is a person who preys on children. His sentence in this case must acknowledge the dangerous nature of his offense and a sentence of 360 months accomplishes this task.

### B. The History and Characteristics of Brown-Hill

Brown-Hill' personal history and characteristics weigh in favor of a sentence at the bottom of his guideline range, 360 months. Brown-Hill

is 27 years old with no criminal history. Growing up, Brown-Hill's parents were alcoholics who physically abused him. He was raised by his parents in an unstable environment until around age 10. During that time, he did not have enough food to eat or clean clothes to wear and was sexually abused by a family member on multiple occasions. Eventually, Brown-Hill was removed from his parents' care at age seven and three years later, after living in two different foster homes, moved in with his adoptive mother at age 10. With his adoptive mother, Brown-Hill's home situation improved, with at least his basic needs met.

Reportedly, Brown-Hill has been diagnosed with ADHD, mood disorder, and post-traumatic stress disorder (PTSD). He attended treatment for these diagnoses at the Children Center in Detroit. To his credit, Brown-Hill appears to have maintained employment until about a year before his commission of the offenses in this case.

But Brown-Hill has a demonstrated sexual interest in children. Brown-Hill expressed his sexual interest in children to multiple victims in text message exchanges, and he acted on that interest in seeking out and committing hands-on offenses with MV1. All of this occurred

against the backdrop of Brown-Hill soliciting multiple minors and receiving many images of child sexually abusive material. The Court's sentence in this case must balance Brown-Hill's personal history and characteristics with the nature and circumstances of his offense. A sentence at the bottom of Brown-Hill' guidelines would acknowledge his traumatic past and the nature and circumstances of his offense.

### C. Seriousness of the Offense, Promotion of Respect for the Law, and Just Punishment for the Offense

Child exploitative offenses result in perpetual harm to a child and validate and normalize the sexual exploitation of children, making them the most serious and dangerous type of crime. The mandatory minimum sentences for these types of offenses, as well as the high guideline ranges signal just how serious these crimes are. Courts across the country have recognized the broad-ranging impact and seriousness of these offense:

> There can be no keener revelation of a society's soul than the way in which it treats its children. Given the current statistics, surrounding child pornography, we are living in a country that is losing its soul. Child pornography is a vile, heinous crime. Mention the term to your average American and he responds with immediate disgust and a sense of unease. However, once it enters the legal system, child pornography undergoes

11

> sterilization. The sterilization goes far beyond properly removing emotion from sentencing decisions. Images are described in the most clinical sense. Victims all too often remain nameless. The only emotions on display are those of the defendants, sorry that their actions were discovered by law enforcement.

*United States v. Cunningham,* 680 F.Supp.2d 844, 847 (N.D. Ohio, 2010), *affirmed* 669 F.3d 723 (6th Cir. 2012). These sentiments are echoed by the powerful impact statement submitted by MV2's guardian. MV2's guardian wrote, in part:

> *This man, somehow, without my knowledge infiltrated my home, the relationship between me and my children, as well as the relationship between my teenage daughter. Forcing my child to disobey me in so many ways and forcing her to violate herself. Those images are forever. We have to live with this forever. … my daughter was taken advantage of by a grown man who knew better. I have no words for the hurt and trauma that this stranger has caused us in this present time and how extensive the effects will be for all families involved. Since learning of this man my anxiety has been at a high, I am paranoid, having to search my home; the basement and the cameras that I now use for peace of mind to ensure there are no predators in my home with my child that I have worked so hard to protect. I now have to be sorry for the rest of my life because he could not be an adult. People like him never get enough time behind bars.*

Here, Brown-Hill has a demonstrated sexual interest in children,

and he had multiple children create child pornography through coercive, explicit messaging over the internet. As described by MV2's guardian, his actions have had, and will continue to have, long-ranging consequences for each of his victims and their families. Thus, in accordance with the Rule 11 agreement, a sentence of at least 300 months, and certainly 360 months, would justly punish Brown-Hill's conduct, promote respect for the law, and serve to undermine attempts to validate and normalize the sexual exploitation of children.

### D.  Adequate Deterrence and Protection of the Public and Kinds of Sentences Available

Deterrence with respect to those who exploit children is of the utmost importance as it is a key component in discouraging future criminal behavior and protecting the public. Strict penalties for such offenders will hopefully curtail an individual offender's ability to exploit additional children while also reinforcing to others who would seek to do the same that they will face lengthy sentences for such abhorrent behavior.

While Brown-Hill is incarcerated, the public will be protected, and he will also be able to avail himself of the various treatment options that the Bureau of Prisons provides, along with job training. Treatment

13

is something that Brown-Hill desperately needs but has been unable to consistently get up this point.

### III. CONCLUSION

For the reasons described above, the Government respectfully recommends that the Court sentence Brown-Hill to 360 months in prison, followed by five years of supervised release. The Government also requests that the Court order the sentence in this case to run concurrently with case number 2024-290793-FC in the 6th Judicial Circuit Court for Oakland County, Michigan.

                                                  Respectfully submitted,

                                                  JEROME F. GORGON JR.
                                                  United States Attorney

                                                  *s/Tara M. Hindelang*
                                                  Tara M. Hindelang
                                                  Assistant United States Attorney
                                                  211 W. Fort St., Suite 2001
                                                  Detroit, MI 48226
                                                  (313) 226-9543
                                                  tara.hindelang@usdoj.gov

Dated: November 10, 2025

## CERTIFICATE OF SERVICE

I certify that on November 10, 2025, I electronically filed the foregoing document with the Clerk of the Court of the Eastern District of Michigan using the CM/ECF system, which will send notification of such filing to all counsel of record via electronic mail.

*s/Tara M. Hindelang*
Tara M. Hindelang
Assistant United States Attorney
